United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RUFUS BIDAD, et al.,

Plaintiffs,

v.

CITY OF SANTA ROSA, et al.,

Defendants.

Case No. 26-cv-11780-HSG

**ORDER DIRECTING SERVICE OF TEMPORARY RESTRAING ORDER AND PRELIMINARY INJUNCTION MOTION PAPERS AND SETTING BRIEFING SCHEDULE**

Re: Dkt. No. 5

Before the Court is an ex parte motion for a temporary restraining order ("TRO") and preliminary injunction under Federal Rule of Civil Procedure 65 filed by *pro se* non-e-filer Plaintiffs Rufus Bidad and Ruben Lopez.[1] Dkt. No. 5 ("Mot."). Plaintiffs seek a mandatory injunction against Defendants[2] requiring them to allow Plaintiffs to re-enter the Sam Jones Hall shelter in Santa Rosa, California, along with other relief. Dkt. 5-1 at 2.

The standard for issuing a temporary restraining order is substantially identical to the rule for granting a preliminary injunction. *Washington v. Trump*, 847 F.3d 1151, 1159 n.3 (9th Cir. 2017). Preliminary injunctive relief is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Natural Resources Defense*

---

[1] Plaintiffs also name a "John Doe" plaintiff. If this person wishes to proceed under a pseudonym, he must file a motion justifying why that course of action is warranted.

[2] Defendants listed on Plaintiffs' complaint are: CITY OF SANTA ROSA, a municipal corporation; CATHOLIC CHARITIES OF NORTHWEST CALIFORNIA, a California nonprofit corporation; MATTHEW VERSCHEURE, JENNIELYNN HOLMES, KELLI KUYKENDALL, and SASHA BROWN, inclusive; and DOES 1-20, inclusive. Dkt. No. 1 at 1.

*Council, Inc.*, 555 U.S. 7, 22, 24 (2008) (citation omitted). Such an order may be issued only where the moving party has established: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in plaintiff's favor; and (4) that an injunction is in the public interest. *See id.* at 20. Further, a temporary restraining order may issue without written or oral notice only if (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required. Fed. R. Civ. P. 65(b)(1)(A)-(B).

Plaintiffs state that they provided Defendants with notice of this suit and their intent to file this motion by email, but they do not confirm where they sent these emails. Mot. at 3 (citations omitted); Dkt. No. 5 (Bidad Decl.) at ¶ 33. They also do not indicate that they actually provided any of the proposed moving papers to the Defendants.

The Court **DIRECTS** the Clerk of Court to serve this Order on Plaintiffs via their emails listed on the Complaint today, October 13, 2026: samjhoneslawsuit@gmail.com; rufus.bidad101@gmail.com; and jlopcast01@gmail.com.

By 5:00 p.m. today, October 13, 2026, Plaintiffs are **DIRECTED** to serve a copy of the Complaint, Dkt. No. 1, the TRO and supportive documents, Dkt. No. 5, and this Order on Defendants at a minimum via email. By 11:00 a.m. tomorrow, October 14, 2026, Plaintiffs **SHALL** file a declaration confirming that they have done so. Plaintiffs' declaration **SHALL** list the names, titles, and email addresses of all those they served and whether they received a response.

\\

\\

\\

\\

\\

Defendants are **DIRECTED** to file a response to the Motion by 5:00 p.m. on Friday, October 16, 2026. Plaintiff may file a reply by 3:00 p.m. on Monday, October 19, 2026. The motion will be deemed submitted at that time unless otherwise ordered by the Court.

**IT IS SO ORDERED.**

Dated: 10/13/2026

Haywood S. Gilliam, Jr.

HAYWOOD S. GILLIAM, JR.
United States District Judge

United States District Court
Northern District of California